Saul S. Streit, J.
Plaintiffs tenants move and the defendant landlord cross-moves for summary judgment. The action was brought for a judgment declaring that a purported cancellation of lease is ineffective in that it does not comply with the following provision of the lease: ‘1 Anything in this lease to the contrary notwithstanding, it is expressly covenanted and agreed by the parties hereto, and it is a condition of the malting of this lease by the Landlord, that if the Landlord or their legal representatives, distributees or devisees or their grantees shall enter into a bona fide contract to sell the demised building, or shall make a bona fide conveyance thereof by way of a sale, the said Landlord and their legal representatives, distributees, devisees and their grantees shall thereafter have and reserve and shall continue to have the absolute right to cancel this lease and to terminate the term hereby granted and to regain possession of the demised premises as of the end of any calendar month on and after January 31,1960, on giving not less than four (4) months’ prior written notice to the tenant, its successors or assigns of their election so to do, which said notice shall be deemed sufficiently given if served personally on the Tenant or its successors or assigns or sent by registered mail to the Tenant, its successors or assigns, addressed to the herein demised premises. * * * Upon the date set forth in each of the said notices for the cancellation and termination of this lease, this lease and the term thereof shall fully expire and the term hereby granted shall cease, terminate and come to an end just as if that were the date originally fixed therein by the parties hereto for the expiration of this lease and the term thereof.”
*913 The lease was made October 31,1953 and by its terms expires September 30,1964. Fee title to the leased premises was transferred to the defendant on January 25, 1962, on which day notice of cancellation was given by the defendant to the plaintiffs. It is conceded that a question of law is alone involved and that question is whether only a landlord may give notice of cancellation when he is under contract to sell or whether the purchaser may give such notice. Stated otherwise, the question is whether the purchaser at any time after the purchase may give notice or must wait until such time that, as landlord, he is himself under bona fide contract to sell. The general rule urged by plaintiffs is based on cases holding that by reason of the provisions of the cancellation clause in the particular lease involved, the condition was limited to a seller and the right was not reserved in favor of a purchaser. The clause here was not limited to the seller, but the right to act thereunder springs into being in favor of the seller before conveyance or in favor of the purchaser upon conveyance to him. The clear intent of the clause is to vest the absolute right in the grantee at once upon the grant and the obvious purpose of the provision is to obviate for the seller the risk upon cancellation by him of the loss of the tenant in the event of failure for any reason to close the contract of sale. The court may not import into the clear language a purpose to limit the grantee’s right only to a subsequent resale by him. The addition of the words “ or shall make a bona fide conveyance thereof by way of a sale ” requires that interpretation which would ensue if the clause had read in full as follows: ‘1 Anything in this lease to the contrary notwithstanding, it is expressly covenanted and agreed by the parties hereto, and it is a condition of the making of this lease by the Landlord, that if the Landlord or their legal representatives, distributees or devisees or their grantees shall make a bona fide conveyance thereof by way of a sale, the said Landlord and their legal representatives, distributees, devisees and their grantees shall thereafter have and reserve and shall continue to have the absolute right to cancel this lease and to terminate the term hereby granted and to regain possession of the demised premises as of the end of any calendar month on and after January 31, 1960, on giving not less than four (4) months’ prior written notice to the tenant, its successors or assigns of their election so to do, which said notice shall be deemed sufficiently given if served personally on the tenant or its successors or assigns or sent by registered mail to the Tenant, its successors or assigns, addressed to the herein demised premises. * * * Upon the date set forth in each of the said notices for *914 the cancellation and termination of this lease, this lease and the term thereof shall fully expire and the term hereby granted shall cease, terminate and come to an end just as if that were the date originally fixed therein by the parties hereto for the expiration of this lease and the term thereof. ’ ’
Consequently, judgment must be awarded construing the lease favorably to the defendant and adjudging the cancellation to be valid and effective. The motions are disposed of accordingly.